IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JASON LEE HATHAWAY,

        Plaintiff,

                              2:12-cv-614-CL

    v.

                              ORDER

CORRECTIONS SGT. E. COTE,
et al.,

        Defendants.


CLARKE, Magistrate Judge.

    Plaintiff filed a complaint under 42 U.S.C. § alleging that defendants violated his 14th Amendment due process rights by failing to transport plaintiff's "legal documentation" to a sentencing hearing. Plaintiff alleges that he "was severely hindered in court by not being able to show cause and support [his] arguments with factual documentation and case law prepared for that purpose." Complaint (#2) p. 3. Plaintiff further alleges that he is "not certain" whether the "error was committed intentionally or through

negligence." Id., p. 2.

Defendants now move to dismiss plaintiff's complaint for failure to state a claim. (#19) p. 2. Defendants contend that plaintiff's complaint should be dismissed without prejudice and that plaintiff's *in forma pauperis* status should be revoked. Id.

Defendants argue that an inmates right of access to the courts is not violated by the "apparently negligent misplacement" of the inmate's legal papers in a prison transfer absent any evidence that the item's misplacement was malicious. Defendants further contend that plaintiff's claim is deficient because he has failed to allege that he sustained an "actual injury" from the alleged denial of access to the courts.

Plaintiff argues that defendants' "inaction creates a solid basis for liability" because it "is nothing less than malicious." Response (#31) p. 3. Plaintiff further responds that he was injured because if he had been able to present his case in a "meaningful manner," he would have received a different sentence and would have already have been paroled.

Mere negligence does not give rise to liability under 42 U.S.C. § 1983. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986), *see also*, Nwaokocha v. Sadowski, 369 F. Supp.2d 362, 374 (E.D.N.Y., 2005) [Federal inmate's right of access to courts was not violated by apparently negligent misplacement of some of his personal belongings and legal papers during prison transfer, absent any evidence that the loss was

malicious].

Plaintiff's argument that defendants' "inaction" implies malice is not convincing. Plaintiff suggests several steps that defendants could have taken to ensure that his documents were transported. However, plaintiff has not alleged any facts that would establish that defendants' failure to take those steps was anything other than negligent.

In order to establish the requisite actual injury requirement necessary to support a denial of access to the courts claim, plaintiff must allege facts that demonstrate he was denied "a reasonable adequate opportunity to [present a] nonfrivolous legal claim challenging [his] convictions or conditions of confinement[.]" Lewis v. Casey, 518 U.S. 343, 356 (1996).

In this case, plaintiff's conclusory allegation that if he had been able to present his case to the court "in a meaningful manner, ... and had he won said argument" he would have already have been paroled is insufficient to demonstrate an actual injury. Plaintiff has not alleged any facts concerning his original sentence, what his argument at the re-sentencing was or how he was "severely hindered in court" by the absence of his documents.

Defendants' Motion to Dismiss without prejudice (#19) is allowed. Plaintiff is allowed 30 days from the date of this order to file an amended complaint curing the deficiencies set forth above. Plaintiff is advised that failure to file an amended complaint within 30 days will result in the dismissal of this

action for failure to prosecute. Defendants request that plaintiff's *in forma pauperis* status be revoked is denied.

DATED this 27 day of November, 2012.

_____
Mark D. Clarke
United States Magistrate Judge